IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD TINDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1208−MJR |
| ) | |
| JACQUELINE LASHBROOK, ) | |
| MICHAEL SCOTT, and ) | |
| CHRISTINE BROWN ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Richard Tindall, an inmate in Pickneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 based on episodes of deliberate indifference. Plaintiff's Complaint requests declaratory relief, fees and costs, and punitive damages. (Doc. 1, p. 11). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

Plaintiff transferred into to Pickneyville on July 13, 2016 from Western Illinois Correctional Center. (Doc. 1, p. 5). Plaintiff suffers from an anxiety disorder, bipolar disorder, manic depression, and paranoid schizophrenia. (*Id.*). Plaintiff had been taking Buspar to control his anxiety. (*Id.*). Upon transferring, Plaintiff wanted to see a psychiatrist because he believed that his mood stabilizers and anti-psychotic medication should be restarted. (*Id.*). Plaintiff spoke with a psychologist, Ms. Hayes, who told Plaintiff he would be put on the call list to see a psychiatrist immediately. (*Id.*). At the time he filed his Complaint, more than three months later, Plaintiff still had not seen a psychiatrist. (*Id.*). He has made 10-15 written requests to the mental health department and made over 50 verbal requests to nurses and health care staff to be placed on the call line to see a psychiatrist. (*Id.*). None of the written requests are in the record.

Plaintiff was also not given Buspar from the time of his arrival at the prison until October 15, 2016. (Doc. 1, pp. 6, 8). As a result of this delay, Plaintiff suffered from extreme anxiety, and daily panic attacks. (Doc. 1, p. 6). Plaintiff's paranoia and psychotic delusions, including

2

audio and visual hallucinations, have also been aggravated by the lack of treatment.  (Doc. 1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count.  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Plaintiff's Complaint will be dismissed at this time with leave to amend.

**Count 1 – Defendants were deliberately indifferent to Plaintiff's serious medical need of mental illness in violation of the Eighth Amendment.**

In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here Plaintiff has articulated a serious medical condition and alleged that the medical staff ignored it. While Plaintiff is correct that those are the elements of a deliberate indifference claim, Plaintiff's Complaint must be dismissed at this time because he has not sufficiently named any Defendant. Plaintiff lists no Defendants in the body of his Complaint. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). As Plaintiff has not associated any specific allegation against any specific defendant, his claims must be dismissed at this time.

Plaintiff has also not alleged that any of the named Defendants knew about his serious medical need. In fact, his Complaint specifies that each Defendant is "responsible for the actions" of their employees and/or subordinates. (Doc. 1, pp. 1-2). This is a respondeat superior theory of liability, and it is not recognized in § 1983 jurisprudence. To be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). As Plaintiff has not alleged that any of the Defendants are personally responsible for the deliberate indifference he has allegedly encountered, he has not adequately stated a claim against them. For the above reasons, Plaintiff's Complaint will be dismissed without prejudice, and he will be given leave to amend the Complaint.

## **Pending Motions**

On November 9, 2016, a week after Plaintiff filed the Complaint, he filed a Motion seeking a preliminary injunction. (Doc. 11). Plaintiff did not request injunctive relief in his Complaint. Plaintiff would have to amend his Complaint to move for injunctive relief prior to seeking a preliminary injunction. Additionally, to secure a preliminary injunction, a movant must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without the injunction, (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and (4) the injunction is in the public interest. *Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter v. Natural Resources Defense Council Inc.*, 555 U.S. 7, 20 (2008)). The considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Judge,* 612 F.3d at 546. Mere speculation will not be sufficient to support a preliminary injunction. *Baird v. Hodge*, 605 F. App'x 568, 570 (7th Cir. 2015) (denying a former cop's request for a preliminary injunction ordering protective custody on the grounds that the Plaintiff had only shown one inmate who is a threat to him and that harm from any other

5

inmate was speculative). As discussed above, Plaintiff is unlikely to succeed on the merits because at present he has not articulated a valid legal theory entitling him to relief. Should Plaintiff file an Amended Complaint, he may re-file his request for a preliminary injunction. The Court also notes that the Warden is the appropriate party for injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311 (7th Cir. 2011). For these reasons, Plaintiff's request for injunctive relief is **DENIED** without prejudice. (Doc. 11).

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice**. (Doc. 1). Plaintiff's Motion for a Preliminary Injunction is **DENIED without prejudice**. (Doc. 11).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support personal involvement on his deliberate indifference claims, within 28 days of the entry of this order (on or before January 12, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: December 15, 2016**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**